# No. 22-413

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

Mabior Jok,

      Plaintiff - Appellee,

v.

City of Burlington, Vermont, Brandon del Pozo, individually and in his official capacity as Chief of Police for the City of Burlington, Vermont, Joseph Corrow, individually and in his official capacity as a Police Officer for the City of Burlington, Vermont,

      Defendants - Appellants,

Jason Bellavance, individually and in his official capacity as a Police Officer for the City of Burlington, Vermont, Janine Wright, individually and in her official capacity as a Police Officer for the City of Burlington, Vermont,

      Defendants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF VERMONT

---

**FINAL FORM BRIEF**

**FOR PLAINTIFF - APPELLEE MABIOR JOK**

---

Robb A. Spensley, Esq

Chadwick & Spensley, PLLC.

3232 VT RT 7

Pittsford, VT 05763

Telephone: (802) 725-8318 Email: robb@chadwicklawvt.com

*Attorneys for Plaintiff - Appellee Mabior Jok*

## I.    **Disclosure Statement**

Since there is no non-governmental corporation party to this proceeding, and since this is not a criminal case or a bankruptcy case, the disclosure requirements of Fed. R. App. P. 26.1 are not applicable.

# TABLE OF CONTENTS

I.    Disclosure Statement…………………………………………………....3

II.   Table of Authorities…………………………………………………… 5-6

III.  Jurisdictional Statement…………………………………………………. 6

IV.   Statement of Issues………………………………………………………. 7

V.    Statement of the Case……………………………………………………. 7

VI.   Summary of the Argument………………………………………… 12

VII.  Argument……………………………………………………………. 13

VIII. Conclusion…………………………………………………………… 19

IX.   Certificate of Compliance………………………………………… 20

X.    Certificate of Service……………………………………………… 21

## II. Table of Authorities

### a. <u>Cases</u>

*Anderson v. City of Bessemer City*, 470 U.S. 564 (1985)........................................18

*Anderson v. Creighton,* 483 U.S. 635, 640 (1987)....................................................14

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)................................................................13

*Bizzarro v. Miranda*, 394 F.3d 82 (2d Cir. 2005)..................................................7, 18

*Butler v. City of Detroit*, 936 F.3d 410, 425 (6th Cir. 2019)...................................15

*City of New York, New York v. Frost*, 142 S. Ct. 1666 (2022)...............................17

*Frost v. New York City Police Dep't*, 980 F.3d 231 (2d Cir. 2020).........................17

*Hope v. Pelzer*, 536 U.S. 730, 741 (2002)..............................................................14

*Inwood Laboratories, Inc. v. Ives Laboratories*, Inc., 456 U.S. 844 (1982)............18

*Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006)....................................................16

*King v. United States*, 917 F.3d 409, 431 (6th Cir. 2019)........................................15

*Maxwell v. City of New York,* 380 F.3d 106 (2nd Cir. 2004)..................................14

*Okin v. Village of Cornwall-On-Hudson*, 577 F.3d 415, 433 (2nd Cir. 2009)........14

*Robison v. Via*, 821 F.2d 913 (2nd Cir. 1987)....................................................13, 14

*Rogoz v. City of Hartford,* 796 F.3d 236, 251 (2nd Cir. 2015).........................13, 14

*Salim v. Proulx*, 93 F.3d 86 (2d Cir. 1996)................................................................6

*Saucier v. Katz*, 121 U.S. 2151 (2001)............................................……13

*Scott v. Harris*, 550 U.S. 372 (2007).................................................................. 13, 16

*Terebesi v. Torreso,* 764 F.3d 217, 237 (2nd Cir. 2014)..................................... 14, 15

*Thomas v. Roach*, 165 F.3d 137, 143 (1999).......................................................... 16

*United States v. Yellow Cab Co.*, 338 U.S. 338 (1949).......................................... 17

*United States v. Diebold*, Inc., 369 U.S. 654 (1962).............................................. 13

**b. <u>Statutes</u>**

28 U.S.C. § 1331…………………………………………………………….. 6

28 U.S.C. § 1343(a)................................................................................................. 6

## III. <u>Jurisdictional Statement</u>

### a. <u>Basis for District Court's Jurisdiction</u>

Plaintiff stipulates to the Defendant's argument that the District Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

### b. <u>Basis for Court of Appeals Jurisdiction</u>

The Court of Appeals lacks jurisdiction to review the Trial Court's decision because Defendant refuses to adopt Plaintiff's facts and instead substitutes their own. "What we may not do, after *Johnson* and *Behrens*, is entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to

create a jury issue on the facts relevant to the defendant's immunity defense." *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996).

    c. <u>Filing Dates Establishing Timeliness of Appeal</u>

    Plaintiff-Appellee agrees that Defendant-Appellant's appeal is timely.

    d. <u>Assertion Appeal Is From Final Order or Information Establishing Court of Appeals' Jurisdiction</u>

As stated above, Plaintiff disagrees that the Court has jurisdiction to hear this appeal based on the arguments raised in Defendant's brief. See *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005); *Salim* 93 F.3d at 91.

## IV. <u>Statement of Issues Presented for Review</u>

Whether the District Court erred in denying Defendant-Appellant Officer Corrow's Motion for Summary Judgment on qualified immunity grounds.

## V. <u>Statement of Case</u>

    A. <u>Concise Statement of the case</u>

Plaintiff does not dispute Defendant's procedural summary of the case only his legal conclusion that the District Court erred in denying his motion for Summary Judgment.

    B. <u>Facts Relevant to Issue Presented for Review</u>

7

In ruling on Defendant's Motion for Summary Judgment, The District Court stated:

> "Jok's version of events varies substantially from that of Officer Corrow, creating significant disputes of fact…Viewing the facts from Jok's favor the Court must accept as true that when Officer Corrow arrived on the scene, Jok had not just punched someone and did not assume a "fighter stance" in preparation to hit Officer Cornrow [sic]. Instead, Jok was involved in a verbal disagreement with a group of people outside R.J.'s bar but gave no indication he was a threat to the public or that he was about to cause Officer Corrow physical harm. Without inquiring into the situation and without having witnessed Jok assault someone, Officer Corrow used an arm takedown maneuver and threw Jok to the ground, whereupon Jok lost consciousness."
>
> Deferred Appendix Vol 5, p. 1098-1099

Mr. Jok has provided substantial evidence, including many eye-witness statements, showing that the Court's description of the facts in the light most favorable to himself is in fact the accurate accounting of this event. Mr. Jok did not punch anybody and he and the person he was arguing with had stepped back from each other with their hands at their sides prior to Officer Corrow slamming Mr. Jok face first to the ground. See Deferred Appendix Vol. 1, p. 141-142. See Deferred Appendix Vol. 1 p. 146-152. As the video further shows, Mr. Jok did not resist arrest or threaten Officer Corrow in any way. *Id.* Because Officer Corrow approached silently and from outside Mr. Jok's field of vision, Mr. Jok did not observe Officer Corrow until the instant prior to being grabbed and slammed. *Id* 146-152.

8

The District Court's description of Plaintiff's facts, and the District Court's explicit delineations of additional factual disputes, stand in stark contrast to the "facts" which Defendant presents in their appeal.

For example, Defendant states that "[D]uring his time in Burlington, Vermont prior to this incident, Jok engaged in a degree of criminal and violent behavior that made him known to members of the Burlington Police Department." See Def. 2nd Cir. Appeal Brief No. 22-413 at page 4. Plaintiff has previously disputed this assertion and its implications within the Summary Judgment pleadings. In fact Officer Corrow was most likely unaware of what Defendant now tries to describe as Mr. Jok's known tendency towards physical violence. See Deferred Appendix Vol. 1, p. 132-133. The District Court explicitly acknowledged this ongoing factual dispute. See Deferred Appendix Vol. 5, p. 1091.

Defendant incorrectly describes the scene preceding Officer Corrow slamming Mr. Jok and states that "Testimony from other witnesses present that night - describing members of the group as "pissed off," "yelling," "[very] drunk," and "threatening to shoot one another . . .". See Def. 2nd Cir. Appeal Brief No. 22-413 at page 4-5. The true version of events is markedly different, as the scene was calming down prior to Officer Corrow slamming Mr. Jok. See Deferred Appendix Vol. 1, p. 137-139. The District Court explicitly acknowledged this

ongoing factual dispute. See Deferred Appendix Vol. 5, p. 1090. The Defendant criticizes the District Court for calmly ignoring that Officer Corrow did what he did to " . . . prevent Jok's actions from driving a crowd outside a bar in the early morning hours out of control." See Def. 2nd Cir. Appeal Brief No. 22-413 at page 13. However the Court has already pointed out that Officer Corrow himself testified " . . . that as he approached, he understood that Jok and "the person he was fighting" were the only people that posed a risk." See Deferred Appendix Vol. 5, p. 1090.

Defendant incorrectly states that "[T]he tension in the group escalated when Jok punched another member of the group in the face . . . [A]n eyewitness confirmed Jok "[p]unched, smacked, [or] hit" another member of the group." See Def. 2nd Cir. Appeal Brief No. 22-413 at page 5. Again, the true version of events is markedly different as Mr. Jok did not punch anybody and the tension in the group had deescalated prior to Officer Corrow's involvement. See Deferred Appendix Vol. 1, p. 137-139, 141-142, and 146-152. As indicated, Mr. Jok and the person he was arguing with had stepped back from each other with their hands at their sides prior to Officer Corrow slamming Mr. Jok face first to the ground. *Id.* at 146-152. The District Court explicitly acknowledged this ongoing factual dispute. See Deferred Appendix Vol. 5, p. 1088-1091.

10

Additionally, the evidence shows that immediately after the incident, Officer Corrow told a medic on scene that Mr. Jok had *attempted* to hit somebody and when Officer Corrow attempted to restrain Mr. Jok, Mr. Jok *fell* (emphasis added). See Deferred Appendix Vol. 1, p. 146-152.

Despite the evidence, Defendant informs that as Officer Corrow attempted to place Mr. Jok in handcuffs, Mr. Jok " . . . began to raise his arms , clench his fists, and assume the bladed stance characteristic of a fighter. See Def. 2nd Cir. Appeal Brief No. 22-413 at page 6. Mr. Jok never resisted Officer Corrow, who approached silently and unseen from outside Mr. Jok's field of vision. See Deferred Appendix Vol. 1, p. 146-152. Officer Corrow testified under oath during the internal investigation that part of the reason he grabbed Mr. Jok was because he was worried Mr. Jok would run away. See *Id*.

Defendant states that Officer Corrow used a modified arm bar takedown to take Mr. Jok to the ground, and that Mr. Jok's head struck the sidewalk knocking him unconscious and lacerating his face. See Def. 2nd Cir. Appeal Brief No. 22-413 at page 6.

Defendant states that "[T]he Burlington Police Department (BPD) determined Officer Corrow's use of force against Jok was lawful and proper." See Def. 2nd Cir. Appeal Brief No. 22-413 at page 6. Plaintiff has disputed this

assertion by Defendant within the Summary Judgment pleadings and pointed out the significant flaws of the internal investigation, including that the former police chief heading that investigation believed that Officer Corrow always intended to arrest Mr. Jok from the ground after taking him down. This stands in contrast to Officer Corrow's explanation that he intended to arrest Mr. Jok while he stood, and only took Mr. Jok to the ground because Mr. Jok resisted arrest and threatened him. See Deferred Appendix Vol. 1, p. 146-152, 171-173.

The former Chief of Police and Defendant's Use of Force Expert also incorrectly identified Mr. Jok's friend AJ Dau as being the person Mr. Jok "hit" as viewed in the video. *Id*. at 146-152. Officer Corrow meanwhile has maintained that Mr. Jok "hit" a different individual, and the video doesn't actually show the "hit", such that Defendants provide completely different theories in their attempts to show that Mr. Jok punched somebody. *Id.* The District Court explicitly acknowledged the ongoing factual dispute regarding the internal investigation. See Deferred Appendix Vol. 5, p. 1091-1092.

## VI. <u>Summary of the Argument</u>

Defendant-Appellant refuses to accept Plaintiff's version of events and argues that the trial court failed to support its conclusions of law according to

Defendant's own rendition of facts. Defendant fails to argue that Officer Corrow is entitled to qualified immunity according to Plaintiff's facts.

Case law supports the District Court's denial of qualified immunity as well as the Court's identification of a clearly established right disregarded by Officer Corrow.

The video of the incident supports the District Court's denial of qualified immunity.

## VII. <u>Argument</u>

Appellate "courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Saucier*, supra, at 201, 121 S.Ct. 2151. In qualified immunity cases, this usually means adopting (as the Court of Appeals did here) the plaintiff's version of the facts." *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774–75, 167 L. Ed. 2d 686 (2007).

Further, the trial court's ruling must be upheld because qualified immunity "[w]hen [it is] properly applied . . . . protects "all but the plainly incompetent or those who knowingly violate the law."[Internal Citation Omitted]" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 2085, 179 L. Ed. 2d 1149 (2011). The

trial court's ruling makes clear that under Plaintiff's facts, Defendant either knew or should have known his actions violated Plaintiff's rights.

The Second Circuit has stated, "[I]n light of these rulings, no officer in 2009 could reasonably have believed it permissible under the Fourth Amendment to jump on the back of a prone and compliant suspect gratuitously, with sufficient force to break his spine and rib." *Rogoz v. City of Hartford,* 796 F.3d 236, 251 (2nd Cir. 2015).

The rulings to which this Court referred in *Rogoz* includes *Robison v. Via*, 821 F.2d 913 (2nd Cir. 1987), where Plaintiff's arm was twisted and she was pushed against a car, and *Maxwell v. City of New York,* 380 F.3d 106 (2nd Cir. 2004), where an arrested assault suspect was shoved into a police vehicle by an officer, striking her head. This court has previously established through *Robison, Maxwell,* and *Rogoz,* greater than thirty years of jurisprudence that is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Okin v. Village of Cornwall-On-Hudson*, 577 F.3d 415, 433 (2nd Cir. 2009) (Citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

Defendant argues that no clearly established law squarely governed his conduct when he used force against Mr. Jok. As articulated above, decades of jurisprudence indicate otherwise, and while prohibitions of constitutional

violations must be "sufficiently clear" as articulated in *Okin*, such requirements do not make untenable the notion that "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). Nor is it necessary to reestablish clear prohibitions to unlawful physical violence by the police "every time a novel method is used to inflict injury" (*Terebesi v. Torreso,* 764 F.3d 217, 237 (2nd Cir. 2014)) under circumstances "where the arrestee offered no resistance" (*Rogoz* at 251).

The Court noted that the law can be considered clearly established even in the absence of case law in the relevant circuit if decisions from other circuits "clearly foreshadow a particular ruling on the issue." *Terebesi,* 764 F.3d at 231. The District Court pointed out that the 6th Circuit, for example, has stated that "[I]t is impossible to resist an arrest (or detention) without knowing that an arrest (or detention) is being attempted," See *King v. United States*, 917 F.3d 409, 431 (6th Cir. 2019). *Id.* The 6th Circuit has also established that "[a]ssaulting an unarmed and compliant individual has been a clearly established violation of the Fourth Amendment for decades." *Butler v. City of Detroit*, 936 F.3d 410, 425 (6th Cir. 2019).

15

The District Court identified much precedent in concluding that a reasonable juror could conclude that Officer Corrow violated Mr. Jok's Fourth Amendment rights. See DC Dkt No. 235 at 20-24. Furthermore , "[T]aking the facts in the light most favorable to the Plaintiff, it is clearly established law that a reasonable officer would know the type of force inflicted on Jok violated his constitutional rights." *Id*. at 21. The District Court noted "[T]he precedent set forth . . . makes it clear that taking an arrestee to the ground who is not violent, resisting, or posing a threat to officers or the public violates clearly established law." *Id*. at 23.

The Court further noted that the Second Circuit has also held that using "arm takedowns" and other maneuvers to take a person to the ground, including pushes and shoves, without cause violates clearly established law. See DC Dkt No. 235 at 22 where the Court cites See e.g., *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006).

The District Court noted the great extent to which the facts in this matter are disputed. "Summary Judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (1999).

FRCP 52(a)(3) states that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."

16

Finally, to the extent that Defendant has raised appealable issues by raising a dispute as to what is depicted on his body camera and in bystander video, the trial court's conclusions about what the video shows should not be disturbed.

First, The Trial Court viewed the video and based his decision upon what the Court observed. While a Trial Court may view "the facts in the light depicted by the videotape" according to *Scott,* 550 US 380-381, here the trial court found "that a reasonable interpretation of the bodycam footage is that Jok did not appear to be the aggressor in a fight nor was he about to strike Officer Corrow, and that force was used by Officer Corrow immediately without any verbal command or warning." See DC Dkt No 235 at 5. Based upon viewing the video, the Court also concluded that Jok did not resist arrest before Officer Corrow used force against him. *Id*. at 17.

Second, video of an incident and triable questions of fact are not mutually exclusive. "Based on this footage, we believe that there is a triable issue both as to whether the officer used excessive force and as to whether qualified immunity is warranted." *Frost v. New York City Police Dep't*, 980 F.3d 231, 257 (2d Cir. 2020), cert. denied sub nom. *City of New York, New York v. Frost*, 142 S. Ct. 1666, 212 L. Ed. 2d 577 (2022).

Defendant does not dispute the Court's conclusions about what the video depicts (See *Docket 44 page 5-6)* but proposes that the court should have made findings inline with their own interpretation of the facts of what happened when Defendant threw Plaintiff to the ground. Defendant does not cite to anything depicted on his body camera footage as he approaches as clearly supporting his rendition of the facts. Defendant does not argue that the court's interpretation of the video footage is clearly erroneous. Even if he were to, the court should not disturb the trial court's findings.

> "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *United States v. Yellow Cab Co.*, 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949); see also *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts."
>
> -*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74, 105 S. Ct. 1504, 1511–12, 84 L. Ed. 2d 518 (1985).

As indicated, Defendant appears to concede the insufficiency of Appellate Jurisdiction in his citation to *Bizzarro* 394 F.3d 86, "We have jurisdiction to review the denial of a motion for summary judgment on the basis of qualified immunity if

18

the defendant is entitled to immunity as a matter of law on the plaintiff's version of the facts."

The arguments presented by Defendant, that the "District Court Erred in Determining that Officer Corrow Violated Jok's Fourth Amendment Rights" and "The District Court Erred in Determining Officer Corrow Violated a 'Clearly Established' Constitutional Right" are both premised on the Defendant's version of the facts. See *Brief for Appellants Joseph Corrow, City of Burlington, Vermont and Brandon Del Pozo*. As a result this Court lacks jurisdiction to hear Defendant's appeal.

## VIII. <u>Conclusion</u>

Nothing in Defendant's argument shows that under Plaintiff's version of the facts that Officer Corrow was entitled to qualified immunity and Defendant's does not argue or provide case law which shows that any of the facts found by the District Court in Plaintiff's version of the facts were clearly erroneous.

Defendants cannot appeal the District Court's Ruling as argued and to the extent they may, they do not lay out any factual errors by the District Court which would allow for its decision to be reversed. The District Court did identify Mr. Jok's clearly established rights which were violated by Officer Corrow. The District Court's decision denying qualified immunity should be upheld.

19

Date: October 3, 2022                    By:    /s/ Robb A. Spensley
                                                 Robb A. Spensley, Esq.

## IX. **Certificate of Compliance**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the

undersigned hereby certifies that this brief complies with the type-volume

limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1.  The brief contains 3783 words.

2.  The brief has been prepared in proportionally spaced type facing using

Google Docs in 14 point Times New Roman font. As permitted by Federal Rule of

Appellate Procedure 32(a)(7)(B), the undersigned has relied upon the word count

feature of this word processing system in preparing this certificate.

Date: October 3, 2022                    By:    /s/ Robb A. Spensley
                                                 Robb A. Spensley, Esq.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

MABIOR JOK                                    )
                                              )
          Plaintiff - Appellee,               )
                                              )
v.                                            )          Docket No. 22-413
                                              )
CITY OF BURLINGTON, VERMONT,                  )
*Et al.,*                                     )
                                              )
          Defendants - Appellants.            )

**CERTIFICATE OF SERVICE**

I certify that I have today delivered *FINAL FORM BRIEF FOR PLAINTIFF - APPELLEE MABIOR JOK* as well as a copy of this certificate, to all other parties to this case as follows:        via ECF

The names and addresses of the parties/lawyers to whom the mail was addressed or personal delivery was made are as follows:

Pietro J. Lynn, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05402
Email: plynn@lynnlawvt.com

Dated at Pittsford, Vermont this 3rd day of October, 2022.

By:     /s/ Robb A. Spensley
        Robb A. Spensley, Esq
        Chadwick & Spensley, PLLC.
        Attorneys for Plaintiff-Appellee
        3232 VT RT 7
        Pittsford, VT 05763
        802-725-8318
        robb@chadwicklawvt.com